UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CALLIE TRAHAN** | * | CIVIL ACTION NO. 17-cv-5472 |
| *Plaintiff*, | * | |
| vs. | * | MAGISTRATE |
| **NYGARD NY RETAIL, LLC d/b/a NYGARD INTERNATIONAL PARTNERSHIP and NYGARD, INC.** | * | JURY TRIAL DEMANDED |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Callie Trahan ("Ms. Trahan" or "Plaintiff"), a person of the full age of majority domiciled in Eastern District of Louisiana, seeking equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, who alleges as follows:

### I. JURISDICTION AND VENUE

1. This action alleges the violation of rights under the Fair Labor Standards Act (hereafter "FLSA"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

2. The Court has personal jurisdiction over Defendants since they regularly conduct business in the State of Louisiana, and therefore have minimum contacts with the State of Louisiana. Alternatively, the events or omissions giving rise to the instant lawsuit all occurred within Louisiana. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

3. The amount in controversy satisfies the jurisdictional limits of this Court.

### II. PARTIES

4. Ms. Trahan is a female citizen of the United States of America who resides in the Eastern District of Louisiana. Ms. Trahan is a former employee of Defendants, Nygard NY Retail,

LLC d/b/a Nygard International Partnership and Nygard, Inc. ("hereafter "Nygard" or "Defendants"), and seeks to assert her claims pursuant to 29 U.S.C. §201, *et seq*.

5. Made Defendant herein is Nygard NY Retail, LLC d/b/a Nygard International Partnership, is a New York Limited Liability Company authorized to do business in the State of New York. Service of the Summons and this Complaint may be made by serving this Defendant's registered agent, Abraham N. Rubinfeld, c/o Nygard International Partnership, 1435 Broadway, New York, New York, 10018-1909.

6. Made Defendant herein Nygard, Inc. is a domestic corporation incorporated in the State of Delaware and has its principal place of business located at 1435 Broadway, New York, New York, 10018-1909 and can be served through The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7. Made Defendant herein is XYZ Insurance Company, which, upon information and belief, is the insurer providing coverage to Defendants for acts or omissions of officers and directors of the above named Defendants.

8. Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.    FACTUAL BACKGROUND

9. Ms. Trahan was employed by Defendants from about August of 2007 until on or about April 18, 2017.

10. Ms. Trahan was hired and employed as a retail merchandise coordinator ("RMC").

11. Plaintiff performed her job duties for Defendants in Louisiana and was based out of her home office in the Eastern District of Louisiana.

12. As part of Ms. Trahan's compensation package with Defendants, she received annual, guaranteed allowances for a car and clothing.

13. As part of Ms. Trahan's compensation package with Defendants, she was promised bonuses.

14. As of the date of Ms. Trahan's termination, Nygard has yet to pay her certain bonuses that have been earned and are owed.

15. Ms. Trahan's salary was based on a forty hour per week work-week.

16. Ms. Trahan was a full time, non-exempt employee of Defendants.

17. Ms. Trahan's regular job duties required Ms. Trahan to routinely work over 40 hours per week throughout her employment with Nygard.

18. As a non-exempt employee, Ms. Trahan was entitled to overtime pay.

19. Ms. Trahan was not correctly compensated for hours she routinely worked in excess of forty (40).

20. Nygard failed to comply with the FLSA by failing to pay Ms. Trahan overtime for the hours over forty hours per week that she worked.

21. Nygard's practice of failing to correctly pay Ms. Trahan for overtime hours is a violation of the FLSA.

22. The illegal pattern or practice on the part of Nygard with respect to overtime compensation for Ms. Trahan was known by Nygard to be in violation of the FLSA.

23. No exemption excused Defendants from paying Ms. Trahan overtime for the overtime hours she worked.

24. Nygard knew of its requirements to abide by the FLSA and did not make a good faith effort to comply with the FLSA.

25. Nygard knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to Ms. Trahan.

26. Ms. Trahan has knowledge of other individuals who were improperly paid due to the knowing, willful, or reckless disregard by Nygard in its illegal pattern or practice regarding the FLSA and its overtime requirements.

### IV. COVERAGE UNDER THE FLSA/COLLECTIVE ALLEGATIONS

27. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

30. At all times hereinafter mentioned, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## COUNT ONE:
## VIOLATION OF FLSA

31. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

32. Nygard, and its representatives, directed the means and manner in which Ms. Trahan was compensated. During the relevant time period, Nygard violated the provisions of the FLSA by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees at rates no less than one and one-half the regular rates for which they were employed.

33. Nygard's failure to properly pay their employees was done so knowingly, willfully or in reckless disregard in carrying out its illegal pattern or practice. The decision by Nygard not to properly pay overtime compensation to Ms. Trahan was neither reasonable, nor in good faith. Accordingly, Ms. Trahan is entitled to wages under the FLSA in an amount equal to one and one-half times her rate of pay, plus liquidated damages, attorney's fees and costs.

34. Ms. Trahan does not fall within any exemption of the FLSA and was required to be paid according to the dictates of that section.

## COUNT TWO:
## DERIVATIVE CLAIM FOR CONVERSION AND MISAPPROPRIATION

35. Ms. Trahan incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

36. Nygard's actions in withholding monies from Ms. Trahan's paychecks, including still owed bonuses and/or withheld benefits, which Ms. Trahan was promised and is owed, amounts to their conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

## COUNT THREE:
### DERIVATIVE CLAIM FOR UNJUST ENRICHMENT

37. Ms. Trahan incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

38. As a direct and proximate result of the acts alleged herein, Nygard wrongfully deprived Ms. Trahan of substantial assets and were unjustly enriched by their direct receipt and retention of monies earned by the employees, and which were intended to be paid towards their wages.

39. As a result of the actions of the Nygard, Ms. Trahan has suffered the following damages, and/or is entitled to the following relief:

    a) Lost back wages;

    b) Lost future wages;

    c) Damages for emotional distress;

    d) Damages for humiliation and embarrassment;

    e) Punitive damages;

    f) Attorneys' fees, and;

    g) Other damages that will be shown at any trial or hearing of this matter.

## COUNT FOUR:
### FAILURE TO PAY WAGES UNDER LA. R.S. 23:621 *ET. SEQ.*

40. Ms. Trahan incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

41. Upon termination of an employee's employment, Nygard failed to pay all due wages to Ms. Trahan.

42. Nygard was required to remit all of Ms. Trahan's overdue/final wages within fifteen (15) days of termination of her employment.

43. This petition serves as amicable demand for Nygard to remit all due wages, including owed bonuses and other compensation, along with any penalties and fees under La. R.S. 23:632. Failure to pay said wages will result in additional penalty wages and attorneys' fees pursuant La. R.S. 23:632 *et seq*.

## V. RELIEF SOUGHT

44. WHEREFORE, Ms. Trahan prays for a judgment against Defendants, Nygard NY Retail, LLC d/b/a Nygard International Partnership and Nygard, Inc., and XYZ Insurance Company as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff attorneys' fees;

   d. For an Order awarding Plaintiff unpaid and lost benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

   f. All compensatory and punitive damages as called for in the FLSA;

   g. All relief as allowed under applicable Louisiana law, including penalty wages and attorneys' fees pursuant La. R.S. 23:632, and damages related to Defendants' conversion, retaliation, and unjust enrichment; and

   h. For an Order granting such other and further relief as may be necessary and appropriate.

## VII. DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully Submitted:

By: _/s/ Kenneth C. Bordes_
**Kenneth C. Bordes (Bar #35668)**

**Kenneth C. Bordes,
Attorney at Law, LLC**
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
*Attorney for Plaintiff*

**NOTICE AND REQUEST FOR WAIVER**

Plaintiff's counsel will send waiver forms pursuant to Federal Rule of Civil Procedure 4(d).