UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CALLIE TRAHAN, | * | CIVIL ACTION NO. 17-cv-5472 |
| | * | |
| vs. | * | SECTION: S (5) |
| | * | |
| NYGARD NY RETAIL, LLC., ET AL. | * | JURY TRIAL DEMANDED |
| * * * * * * * * * * * * * * * * * * | * | |

## DECLARATION OF ATTORNEY KENNETH C. BORDES

1. My name is Kenneth C. Bordes. I am over twenty-one years of age, of sound mind, have never been convicted of a felony, and am duly licensed to practice law in the State of Louisiana and the State of New York and multiple federal courts in those states.

2. I make this declaration based on personal knowledge and am able to testify about matters set forth in this Declaration.

3. By way of this Declaration, I verify the contents and claims alleged in the contemporaneously filed Motion for Attorney Fees and Costs.

4. I am the owner/managing partner of the law firm of Kenneth C. Bordes, Attorney at Law, L.L.C., in New Orleans, Louisiana and have acted as lead counsel on this matter without engaging outside or co-counsel.

5. The majority focus of my law practice has been on federal and state labor and employment law, including wage and hour legal actions and, collective actions, under the Fair Labor Standards Act.

6. The time recorded was all reasonably and necessarily incurred in pursuit of this case.

1

7. I am familiar with the rates charged by attorneys for FLSA matters. A reasonable hourly fee for a lead attorney on an FLSA matter (for either party) is $325.00 per hour, though the lead attorney for Defendants, is likely billing at even higher rates.

8. I have expended approximately 178.1 hours of attorney time in this matter including, but not limited to, drafting the Complaint, investigating the settled state and federal claims, multiple conferences with Defendants, multiple conferences with the Court, motions to compel, correspondence with my client, correspondence with the Defendants, written discovery, depositions (including one in Canada), settlement discussions, claims analysis, and extended efforts to actually get Defendants to consummate the settlement and actually tender the award to my client.

9. My law firm is familiar with the appropriate billing judgment and discretion standards. Specifically, omitted and/or absent from my firm's billing in this case any and all non-compensable and/or administrative costs, no "duplicative billing," no entries for administrative tasks, such as efiling, copying, mailing, etc., no entries for "local travel" to the Court for conferences, etc.  There is also no billing entries for certain legal work performed, such as removing all hours related to Plaintiff's voluntary motion to dismiss collective action allegations, even though those allegations are still argued to have had merit, but was dismissed by Plaintiff. Likewise, there is no billing for "research of the FLSA" or standard FLSA concepts such as "enterprise theory of liability" or "outside sales exemption," because the undersigned has made a practice over the years in representing litigants in wage and hour matters, thus justifying the lead counsel rates and billing practices noted herein.

10. I have done my best to keep all time spent and billed as reasonable as possible. I could have enrolled additional associates or co-counsel to help me in this FLSA matter, which is typical in such cases as noted by the several Defense attorneys enrolled, I have not engaged any outside counsel or associates to assist in this matter. Additional Plaintiff's counsel would have been reasonable and would likely have resulted in additional associated fees.

11. Many thing in this case have required extensive time over the two years litigating this case solely due to the actions – and inactions – of Defendants themselves. These include evasive discovery tactics, continuing dates, motions to compel, motions in limine for unlisted evidence and witnesses, international travel to Canada, chasing down execution of settlement documents for months, etc.

12. The costs and expenses incurred in this action that Plaintiff's Counsel seeks to be reimbursed for are costs and expenses that would normally be charged to a fee-paying or hourly billable client. Plaintiff's Counsel currently has incurred $3,459.91 in unreimbursed litigation expenses for this action.

13. This total in attorney's fees calculated at the requested reasonable rate of $325.00 comes to $57,882.50.

14. Despite the fact that the requested fees in paragraph thirteen above already represent a reasonable lead counsel rate, and billing judgment of the hours applied, Plaintiff's counsel attempted to offer a further discount to Defendants to avoid the additional need and expense of filing this motion. However, in line with their actions over the last two years, Defendants rejected Plaintiff's efforts, prompting this Motion. Plaintiffs now seek the full amount of their litigation costs in paragraph 10, and reasonable attorney fees in paragraph thirteen, under the facts of this case.

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my knowledge and belief, in witness whereof I have executed this Declaration on the date signified below by signing below:**

                                         /s/ Kenneth C. Bordes
                               (Signature)
                               Kenneth C. Bordes

                                         06/07/2019
                               (Date)